UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHANIEL WELLS, | CASE NO. C21-602 RSM |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION SEEKING DISCOVERY AND APPOINTMENT OF COUNSEL |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner, in this 28 U.S.C. § 2255 habeas proceeding, has filed a motion seeking to conduct discovery and seeking appointment of counsel to effectuate that discovery. Dkt. #8. Petitioner filed his discovery motion prior to the deadline for Respondent to answer his § 2255 motion under the Court's briefing schedule. Dkt. #7. Respondent, noting that it has not yet answered Petitioner's § 2255 motion, argues that Petitioner's discovery motion should be denied without prejudice or should be deferred for consideration after the § 2255 motion is more fully briefed. Dkt. #9. Petitioner has not replied to Respondent's arguments and does not, in his initial motion, argue that the requested discovery needs to occur prior to the briefing of his § 2255 motion.

The Court agrees that Petitioner's request for discovery is more appropriately considered after there is more clarity as to the issues on which this habeas proceeding may continue. Such

ORDER – 1

an approach is consistent with the Ninth Circuit's interpretation of Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Calderon v. U.S. Dist. Ct. for the N. Dist. of California*, 98 F.3d 1102 (9th Cir. 1996) (holding that Rule 6 does not provide for prefiling discovery). Petitioner sets forth five grounds upon which he challenges the underlying judgment. Because several of the grounds may be legally precluded or procedurally barred, the Court is unable, at this time, to accurately determine whether good cause supports the discovery sought by Petitioner. *See Yates v. Sinclair*, Case No. 13-cv-842-RSM, 2016 WL 3976556, at *1 (W.D. Wash. July 25, 2016) ("[G]ood cause does not exist if a defendant premises a discovery request on a claim that fails as a matter of law.") (citing *Thomas v. Taylor*, 170 F.3d 466, 474 (4th Cir. 1999)).

Accordingly, and having considered the briefing[1] and the remainder of the record, the Court DENIES Petitioner's motion (Dkt. #8) without prejudice. If warranted, Petitioner may seek discovery at a more appropriate juncture.

DATED this 26th day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes Petitioner's complaints that the Undersigned presided over Petitioner's criminal case and now presides over his § 2255 motion. Dkt. #1 at 49–55; Dkt. #8 at 2–3. But, by rule, a § 2255 motion must be forwarded "to the judge who conducted the trial and imposed sentence." RULES GOVERNING SECTION 2255 CASES IN THE UNITED STATES DISTRICT COURTS, Rule 4(a). Further, Petitioner's complaints appear to relate to actions taken in the Undersigned's judicial role. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). ("[A] judge's prior adverse ruling is not sufficient cause for recusal."). If Petitioner believes a basis for recusal exists, he may file an appropriate motion.

ORDER – 2